Shpetim KOCIBELLI, Petitioner,

v.

ATTORNEY GENERAL OF the UNITED STATES, Respondent.

No. 05–3177–ag.

United States Court of Appeals, Second Circuit.

Feb. 27, 2007.

Linda L. Foster, Queens Village, New York, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Katherine L. Haden, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Shpetim Kocibelli, a citizen of Albania, seeks review of a May 23, 2005 order of

the BIA affirming immigration judge ("IJ") Annette Elsteins's October 7, 2003 decision denying Kocibelli's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shpetim Kocibelli,* No. A95 385 935 (B.I.A. May 23, 2005), *aff'g* No. A95 385 935 (Immigr. Ct. New York City Oct. 7, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Without making a blanket finding on credibility, the IJ noted several factors calling Kocibelli's credibility into question and observed that his testimony was "confused, conflictive, uncorroborated and somewhat improbable," and that there were "inconsistencies between the respondent's testimony and some of the documentary material he provided." Both parties have argued the merits of an adverse credibility finding and the resulting failure to establish eligibility for relief; so we treat the IJ's decision as having made such a finding and review it under the substantial evidence standard. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7.

The IJ found that there were significant inconsistencies between Kocibelli's testimony regarding an attack in November 2000, which allegedly precipitated Kocibelli's decision to flee to the United States, and the documentary evidence, particularly the letter submitted by his sister. These inconsistencies included whether he was attacked by policemen or civilians, whether his attackers also threatened his sister, whether a series of phone threats preceded the attacks, and whether he was at a protest in Scanderbeg Square when he was beaten. Since these inconsistencies are substantial and go to the heart of Kocibelli's claim of persecution, the IJ was reasonable in relying on them to find Kocibelli not credible. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–309 (2d Cir.2003). And the IJ reasonably found that Kocibelli's explanation for the inconsistencies were not compelling. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir. 2005).

In reaching her decision, the IJ also observed that the three letters Kocibelli submitted from the Democratic Party did not mention the specific abuse he claimed to have suffered and thus did not corroborate his claim of persecution. Kocibelli's claims of persecution were also not corroborated by the Department of State Country Reports on Albania, which suggested that there was no pattern of mistreatment on political grounds. An applicant's failure to corroborate his or her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006) (presenting the latter situation). Here, because Kocibelli's testimony was not otherwise credible due to the various inconsistencies and omissions, the IJ was reasonable in determining that the lack of corroboration undermined Kocibelli's cred-

ibility further. *See Xiao Ji Chen,* 471 F.3d at 341.

■■■ The agency's conclusion that Kocibelli failed to establish, by credible testimony and evidence, his eligibility for asylum was thus supported. Because the only evidence of a threat to Kocibelli's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Because Kocibelli's CAT claim was predicated on the same facts as his claims for asylum and withholding of removal, the agency's denial of CAT relief based on his lack of credibility was also supported. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).